United States Court of Appeals
for the eighth circuit

_____

No. 96-4135

_____

United States of America,      *
                               *
          Appellee,            *   Appeal from the United States
                               *   District Court for the Western
          v.                   *   District of Missouri.
                               *
Bruce C. Pompey,               *
                               *
          Appellant.           *

_____

Submitted:  June 10, 1997

Filed:    August 1, 1997

_____

Before BOWMAN, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

     Bruce C. Pompey appeals from the sentence imposed on him
following his plea of guilty to a charge of conspiring to possess
heroin with intent to distribute it, in violation of 21 U.S.C. §§
841(a)(1), 841(b)(1)(C), and 846.  Mr. Pompey believes that the
district court erred in increasing his offense level by two levels
for obstructing justice pursuant to U.S.S.G. § 3C1.1.  His plea
agreement with the government stated that "[t]he parties agree that
there are no adjustments to be made for obstruction, pursuant to
§ 3C1.1," and Mr. Pompey maintains, and the government admits, that
the

government provided information to the probation officer preparing the presentence report that Mr. Pompey put pressure on his sister not to testify against him, thus furnishing the basis for the district court's upward adjustment. Mr. Pompey characterizes the government's action as a breach of the plea agreement and asks for its specific enforcement, either by remanding for resentencing without the upward adjustment or by imposing a specific sentence ourselves. We affirm the district court.(1)

We begin our consideration of this case with the observation that the portion of the plea agreement involved in this case does not promise anything. The words are declaratory, not promissory. They might simply be, and are probably best construed as, statements of law, and, moreover, they are followed immediately by the declaration that "[t]he defendant understands [that] these calculations and estimates are agreements between the parties only and that the Court is not bound by them."

Mr. Pompey argues, however, that the words fairly imply a promise on the government's part not to seek an upward adjustment in his sentence for an obstruction of justice. The government seemingly agrees with this position, but believes that it discharged its obligation by not requesting the upward adjustment at the sentencing hearing. Mr. Pompey, however, evidently maintains that the government's obligation under the agreement extended to the point that it was not supposed to supply information to the court that might support a finding that he obstructed justice.

We are not disposed to imply such a promise from the words of the plea agreement, not just because we think, although we do, that it would be difficult to argue that they will support such an implication, but also because it is not to be supposed that parties to a plea agreement would contract to keep information relevant

to sentencing from the court.  We therefore decline to imply the kind of promise that Mr. Pompey

(1)    The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the Western District of Missouri.

believes the words of his plea agreement will support.  Even if we were to do so, we would not be inclined to enforce such a promise specifically, it being contrary to public policy if not to law, and the most relief that we might give Mr. Pompey would be to allow him to withdraw his guilty plea, a remedy that he has specifically eschewed before the court.

Mr. Pompey also argues that the conduct in which he engaged did not amount to an obstruction of justice.  U.S.S.G. § 3C1.1 provides for a two-level adjustment to the offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the ... prosecution ... of the instant offense."  In this case, Mr. Pompey wrote several letters to his sister urging her not to testify against him, and indicating that he could not be convicted without her testimony.  Mr. Pompey points out correctly that he made no threats and that in United States v. Emmert, 9 F.3d 699, 704-05 (8th Cir. 1993), cert. denied, 513 U.S. 829 (1994), we upheld denial of an adjustment for obstruction of justice when the defendant had admonished a government witness to "stay strong" and "be quiet."  But we did so because we believed that the sentencing court correctly concluded that the defendant's statement was not sufficiently unambiguous to warrant an adjustment.  Mr. Pompey's letters, in contrast, are hardly ambiguous.  In them, he repeatedly urges his sister and coconspirator Alicia Pompey not to testify against him.  We think that this is a clear attempt to impede her testimony and thus impede the administration of justice.  The public is entitled to the truthful testimony of citizens who witness crimes, and Mr. Pompey's letters can easily be read as encouraging his sister to make herself unavailable when her testimony was needed.

Mr. Pompey argues that he did no more than a lawyer might have done in advising a client to invoke her Fifth Amendment right to remain silent.  It is a sufficient answer to this argument, although there are others as well, that one of Mr. Pompey's suggestions was that his sister plead guilty "but don't come to trial against us."  In such

a circumstance, having already pleaded guilty, Ms. Pompey would no longer be entitled to the protection of the Fifth Amendment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.