# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2280

_____

United States of America,      *
     *
        Plaintiff - Appellee,      *
     *   Appeal from the United States
      v.      *   District Court for the Eastern District
     *   of Arkansas.
Chad Adkins,      *
     *       [UNPUBLISHED]
        Defendant - Appellant.      *

_____

Submitted: January 11, 2000
Filed: January 24, 2000

_____

Before WOLLMAN, Chief Judge, FLOYD R. GIBSON, and MURPHY, Circuit Judges.

_____

PER CURIAM.

      Chad Adkins pled guilty to conspiracy to distribute cocaine under 42 U.S.C. §§ 841(a)(1) and 846 and was sentenced by the district court[1] to 120 months imprisonment. Adkins appeals his sentence on several grounds. He argues that the government breached the plea agreement by objecting to his receiving the benefit of the so-called safety valve provision which can permit a sentence below the statutory minimum, U.S.S.G. § 5C1.2, that the government's objection was not timely, and that

_____

      [1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

district court erred in denying his motion for a downward departure under the Sentencing Guidelines.

Adkins argues that the government's breach of the plea agreement made other provisions in it unenforceable so the district court erred in denying his motion for a downward departure on the basis that such a departure was not permitted by the agreement. The government did not breach the plea agreement by arguing that Adkins had not fully disclosed all relevant information concerning the offense, see United States v. Pompey, 121 F.3d 381, 382 (8th Cir. 1997), and the district court was entitled to enforce the agreement against Adkins. See United States v. His Law, 85 F.3d 379, 379 (8th Cir.1996).

Adkins also complains that the government did not timely object to the presentence report recommendation that the court apply the safety valve provision. Since a defendant has until the time of the sentencing hearing to provide the government with all relevant information, the government would not have been sure until the hearing whether Adkins qualified for the safety valve. U.S.S.G. § 5C1.2.(5). This was sufficient reason for the district court to allow the government to present its objection at the hearing. Fed.R.Crim.P. 32(b)(6)(D).

For these reasons, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.